2021 IL App (2d) 190580-U
No. 2-19-0580
Order filed November 22, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08-CF-1423 |
| VICTOR BANDALA-MARTINEZ, | ) ) ) | Honorable Robert A. Wilbrandt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Bridges and Justice McLaren concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the trial court's denial of defendant's request for leave to file a successive postconviction petition where defendant failed to satisfy the cause-and-prejudice test.

¶ 2    At issue in this appeal is whether defendant made the necessary *prima facie* showing that he had cause for not discovering a written plea recommendation prior to filing his initial postconviction petition and was prejudiced as a result. The trial court found that nothing prevented defendant from discovering the written offer at the time of his initial postconviction petition and so he failed to establish cause. We affirm.

¶ 3                                     I. BACKGROUND

¶ 4      This case has previously come before this court. We include here only the background relevant to the issues in this current appeal.

¶ 5      In 2010 following a three-day bench trial, defendant was convicted of first degree murder and sentenced to 30 years' imprisonment for stabbing Yair Cabrera to death. The one issue raised on direct appeal pertained to the improper assessment of certain fines and this court reduced defendant's monetary assessments. *People v. Bandala-Martinez*, 2012 IL App (2d) 101147-U (summary order).

¶ 6      In 2012 after the direct appeal, defendant filed a *pro se* postconviction petition, raising numerous claims, which was advanced to a second-stage hearing. At this point, the court appointed counsel for the defendant who filed an amended petition. The State filed a motion to dismiss the amended petition arguing that each claim was barred by the doctrine of *res judicata* and the case was dismissed. On appeal, this court determined that one of the claims was not barred and remanded the case for a third-stage evidentiary hearing on the single issue of whether defendant's trial counsel provided ineffective assistance by allegedly advising defendant that he could not have a jury trial unless he testified. *People v. Bandala-Martinez*, 2016 IL App (2d) 104370-U.

¶ 7      The third-stage hearing took place on May 5, 2017, and included testimony from the defendant and his wife for the defense, and from defendant's trial counsel, Christopher Harmon. Defendant testified that he had a series of conversations with Harmon preceding his trial in which they discussed defendant testifying and the differences between a bench and jury trial. Defendant testified that he and Harmon were the only ones present for these discussions; no Spanish-language interpreter was present.

¶ 8     Harmon testified to his customary practice of advising clients about the difference in a bench and jury trial, and that he explained the choice of trial was defendant's to make. Harmon testified that he and defendant spoke in English and that they understood one another without an interpreter.

¶ 9     The trial court concluded from the third-stage hearing that defendant did not meet his burden of proof. The trial court found that Harmon did not advise defendant that he would not be able to have a jury trial because he would have to testify. Finding Harmon's testimony credible, the court further found counsel's advice to defendant did not violate defendant's constitutional right to effective assistance of counsel and denied defendant's petition. Defendant elected to proceed *pro se* on appeal.

¶ 10    On appeal from the third-stage evidentiary hearing, this court determined that the trial court's finding was not against the manifest weight of the evidence. *People v. Bandala-Martinez*, 2019 IL App (2d) 170422-U, ¶ 43. While defendant awaited that determination on the initial postconviction petition, he requested leave to file the successive postconviction petition on appeal in this matter based on a different claim of ineffective assistance.

¶ 11    In this successive petition, defendant raised a claim of ineffective assistance of trial counsel based on allegedly newly discovered evidence. During the pendency of defendant's first postconviction petition he conducted his own research and investigation. This included submitting a Freedom of Information Act (FOIA) request to the McHenry County Public Defender's office for any information pertaining to a plea offer during his underlying criminal case.

¶ 12    Defendant received from the public defender's office a copy of an undated letter addressed to his trial counsel offering plea terms. The letter stated that if defendant pled guilty to first degree murder, the State would, in exchange, recommend the minimum sentence of 20 years in the Illinois

Department of Corrections. According to the letter, the offer would stay open until Friday, May 7, 2010. Defendant's trial began on Monday, May 10, 2010.

¶ 13    In this successive petition, defendant claimed he did not know about this offer until he received the response pursuant to his FOIA request on March 12, 2018. However, in an affidavit, defendant referred to a discussion with trial counsel about a plea offer in the "early proceedings" of his criminal case as follows:

> "That on the early proceedings of my criminal case I was video visited by my trial counsel Christopher Harmon. ***. Where he stated the *** prosecut[ion] have came with a plea offer of 20 year[s] but we were not going to take it ***. That my understanding was that it was an offer of 20 years at 50%. Have had counsel informed me of the true consequences of going into trial I would have taken the plea offer proffered by the prosecution."

In his petition, defendant contended that reference to "20 years at 50%" was to a first offer and that this undated letter is proof of a distinct second offer of which he was unaware.

¶ 14    The trial court denied leave to file a successive postconviction petition for failure to demonstrate cause and prejudice. Defendant timely appealed.

¶ 15                                  II. ANALYSIS

¶ 16    At issue in this appeal is whether the denial of defendant's successive petition was proper. The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2004)) provides a method for defendants to challenge a conviction or sentence that is based on a substantial violation of a right under the federal or state constitutions or both. *People v. Edwards*, 2012 IL 111711, ¶ 21. The Act contemplates the filing of only one postconviction petition. 725 ILCS 5/122-3 (West 2020). To be granted leave to file a successive postconviction petition, defendant must allege

actual innocence or offer new evidence that demonstrates both cause for his failure to bring the claim in his initial postconviction proceeding and prejudice resulted from that failure. 725 ILCS 5/122-1(f) (West 2020). Defendant is statutorily bound to meet the requirements in a successive petition because any claims not raised in an original or amended petition are waived. 725 ILCS 5/122-3 (West 2020).

¶ 17    The Act states, "a prisoner shows cause by identifying an objective factor that impeded his *** ability to raise a specific claim during his *** initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2020). There is, of course, a right to the effective assistance of counsel in plea negotiations with the State. *People v. Hale*, 2013 IL 113140, ¶ 16 (citing *Missouri v. Frye*, 566 U.S. 134, 147 (2012)). We review *de novo* the denial of a motion for leave to file a successive petition under the Act. *People v. LaPointe*, 2018 IL App (2d) 160903, ¶ 33.

¶ 18    On appeal, defendant argues that he was impeded from raising this claim earlier because he conducted his own investigation, was hindered by the fact that English is not his native language, and he did not discover the purported new evidence until he received the undated letter in March 2018 from the public defender's office.

¶ 19    The trial court found no objective reason defendant could not have uncovered the letter to raise this claim during his initial postconviction petition. After careful review of the record, we agree with the court's determination. The letter, although undated, indicated the offer would remain open until May 7, 2010—the Friday before defendant's trial was set to begin the following week. Additionally, it was in defendant's file at the public defender's office. Both factors refute defendant's contention that he could not have brought this claim of ineffective assistance because he could not have known about the letter sooner. The letter existed and was accessible through the public defender's office at any time. As the State points out, defendant offers no objective factor

that prevented him from submitting a FOIA, or any informal request, for his file during his earlier proceedings.

¶ 20     The record additionally shows that defendant knew about and discussed with counsel, before trial, the content of the letter: a plea deal offering a term of 20 years for a guilty plea to the charge of first degree murder. Although a sentence of first degree murder is served without good-time credit, and not day-for-day credit as mentioned in defendant's affidavit (730 ILCS 5/3-6-3(a)(2)(i) (West 2010)), defendant has not established whether the letter is a second offer or merely additional evidence of the same offer that he considered prior to trial and rejected. That was his burden, and he failed to meet it.

¶ 21     In short, defendant has failed to establish that there was a second plea offer and thus has failed to show cause. Because defendant failed to show cause, we need not determine whether he has satisfied the prejudice prong of the test (*People v. Smith*, 2014 IL 115946, ¶ 37) although, we note that at no point in these successive postconviction proceedings has defendant made the *additional* showing of " 'a reasonable probability that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, ***. ' " *Hale*, 2013 IL 113140, ¶¶ 18-19 (quoting *Frye*, 566 U.S. at 147).

¶ 22                              III. CONCLUSION

¶ 23     For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 24     Affirmed.